**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JESSE JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:22-cv-01177-JAR |
| vs. ) | |
| ) | |
| GEICO CASUALTY COMPANY and ) | |
| RAYNA THOMPSON, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion to remand the case to state court. For the reasons set forth below, the Court will grant the motion and will entertain a motion for attorney fees.

### BACKGROUND

Plaintiff Jesse Jackson and Defendant Rayna Thompson, both Missouri citizens, were involved in a car accident in which Thompson was determined to be at fault. At the time, Thompson carried auto insurance through Defendant GEICO Casualty Company, which denied coverage for Jackson's damages. Jackson sued Thompson for negligence in state court in the City of St. Louis, and the parties settled the matter pursuant to Mo. Rev. Stat. § 537.065, which permits parties to enter into settlement agreements limiting any recovery to insurance proceeds. The state court entered judgment in favor of Jackson and against Thompson for $1 million. *Jackson v. Thompson*, Case Nº 2122-CC09113 (22nd Circuit of Missouri, Aug. 27, 2021).

Subsequently, on September 21, 2022, Jackson filed a separate state court action against both Defendants, Thompson and GEICO, seeking to recover the judgment from GEICO. For

Count I, Jackson asserts a claim against GEICO for equitable garnishment under Mo. Rev. Stat. § 379.200, as Thompson assigned her coverage claims against GEICO to Jackson under the parties' settlement agreement.  Count II asserts a claim against GEICO bad faith based on GEICO's denial of coverage.  GEICO, a Nebraska corporation headquartered in Maryland, timely removed the action to this Court on the basis of diversity jurisdiction, asserting that Thompson was improperly joined as a defendant because the underlying judgment is unenforceable.  Jackson then filed the present motion to remand, citing the forum defendant rule as well as GEICO's failure to obtain Thompson's consent to removal.[1]

## DISCUSSION

**Diversity Standards**

Only cases that could have originally been filed in federal court may be properly removed. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010). The removing defendant bears the burden of proof by a preponderance of the evidence that federal jurisdiction is proper. *Id.* To remove an action based on diversity jurisdiction, there must be complete diversity of citizenship between the parties, and the amount in controversy must be greater than $75,000. 28 U.S.C. § 1332(a). In addition, diversity jurisdiction requires that none of the defendants in the case be residents of the forum state. 28 U.S.C. § 1441(b)(2). This restriction is known as the "forum defendant rule".

However, the Court may retain jurisdiction where a non-diverse defendant has been fraudulently joined. *Junk v. Termix Intern. Co.*, 628 F.3d 439, 445 (8th Cir. 2010). Joinder is fraudulent when the plaintiff's claim against a defendant is frivolous or illegitimate and has only been filed to prevent removal.  *Id.*  The Court will consider whether "state precedent precludes

---

[1] The Court need not reach the issue of Thompson's consent.

2

the existence of a cause of action against a defendant" when determining if a joinder was fraudulent. *Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 893 (8th Cir. 2014) (citations omitted).

To prove that a plaintiff fraudulently joined a diversity-destroying defendant, the defendant seeking removal must prove that the plaintiff's claim against that defendant has "no reasonable basis in fact or law." *Knudson v. System Painters*, 634 F.3d 968, 980 (8th Cir. 2011), quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003). However, "if there is a colorable cause of action – that is the state law might impose liability . . . under the facts alleged – then there is no fraudulent joinder." *Filla*, 336 F.3d at 810. Additionally, all doubts about federal jurisdiction should be resolved in favor of the non-moving party and remanding the case back to the state court. *Knudson*, 634 F.3d at 975.

**Equitable Garnishment**

An equitable garnishment action under Mo. Rev. Stat. § 379.200 allows a plaintiff to reach and apply insurance money to satisfy a judgment. *Smith v. Progressive Cas. Ins. Co.*, 61 S.W.3d 280, 283 (Mo. App. E.D. 2001). The injured party "stands in the shoes" of the insured to collect from the insurance company. *Id.* The rights of the injured person bringing an action against the insurer for equitable garnishment are derivative and can rise no higher than those of the insured. *Id*. Because an equitable garnishment action is derivative, the insurer may interpose defenses it would have used against its insured. *Glover v. State Farm Fire & Cas. Co.*, 984 F.2d 259, 260 (8th Cir. 1993).

Section 379.200 requires that judgment creditor plaintiffs proceed against the insurer *and* the insured judgment debtor. The Eighth Circuit has explained that, because the insurer may assert any defenses it has against the insured, there is good reason to require the judgment debtor

3

to be joined in the statutory action. *Glover*, 984 F.2d at 261. This joinder can destroy diversity jurisdiction if the judgment creditor and judgment debtor share the same citizenship. *Id.*

### Application

Plaintiff Jackson contends that Defendant Thompson is a necessary and indispensable party pursuant to § 379.200. *See e.g., Spencer v. GEICO Indem. Co.*, 14-00104-CV-W-GAF, 2014 WL 12607827, at *2 (W.D. Mo. Mar. 25, 2014) (citing *Glover*'s instruction that judgment debtors are necessary parties under § 379.200). In response, GEICO argues that Thompson was fraudulently joined because Plaintiff's equitable garnishment claim against her is not viable because the underlying judgment is unenforceable. GEICO claims that the underlying judgment is unenforceable because the parties failed to satisfy the requirements of Mo. Rev. Stat. § 435.415.2, requiring an insurer's consent to an insured's arbitration, and § 537.065.2, requiring notice of the settlement to the insured.

In essence, GEICO asks the Court to examine the evidence relating to the parties' settlement and decide merits of Plaintiff's substantive claims – or more specifically GEICO's defenses – on a motion to remand. The Court will not wade into questions of fact regarding the validity of the underlying judgment at this stage. This Court resolves all doubts in favor of remand, and in this instance the state court is better suited to adjudicate the parties' claims and defenses. Pursuant to the plain language of § 379.200 and longstanding Eighth Circuit precedent, Jackson was not fraudulently joined in this action. As such, diversity jurisdiction does not exist here, so the Court must remand the case.

### Attorney Fees

Finally, Plaintiff requests an award of attorney fees incurred in preparation of the present motion. This Court has discretion whether to award costs and expenses where the removing

party lacks an objectively reasonable basis for seeking removal. 28 U.S.C. § 1447(c); *Hall v. Avis Budget Car Rental, LLC*, 4:12CV00738 AGF, 2012 WL 2191620, at *3 (E.D. Mo. June 14, 2012) (citing *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005)). Although GEICO's legal theory for removal is ultimately unavailing, the Court does not find it entirely frivolous and therefore declines to award attorney fees in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Jackson's motion to remand is **GRANTED**, and this case is **REMANDED** to the Circuit Court of the City of St. Louis, Missouri.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney fees is **DENIED**.

Dated this 10th day of March 2023.

*/s/ John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

5